| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| ALYHA LYNN POMALES<br><br>Demandante-Recurrida<br><br>Vs.<br><br>CARLOS J. BELTRÁN RIVERA<br><br>Demandado-Peticionario | KLCE202401346 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CD2024RF00106<br><br>Sala: 601<br><br>Sobre: Alimentos – Menores de Edad |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece la parte peticionaria, el señor Carlos J. Beltrán Rivera, y solicita la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, mediante la cual el foro primario decidió que "la solicitud de decreto de custodia compartida, patria potestad y relaciones paterno filiales se deberá presentar un pleito independiente".

Por las razones que se exponen a continuación, y prescindiendo de trámites ulteriores según autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7(B)(5), denegamos el auto de *certiorari* aquí solicitado.

### -I-

La parte codemandada peticionaria, ante la reclamación de alimentos incoada por la parte recurrida, presentó una reconvención en la cual solicitó al foro primario un decreto de custodia compartida, patria potestad y establecer las relaciones paternofiliales entre el peticionario y el menor objeto de la petición de alimentos del epígrafe.

Inicialmente el tribunal fijó las relaciones paternofiliales "de lunes a viernes a las 6 de la tarde a domingo a las 6 de la tarde fines de semanas alternos". También refirió el asunto "a Informe de Custodia Compartida". No obstante, el foro de primera instancia reconsideró *motu proprio* y emitió la *Resolución* recurrida en la cual dejó sin efecto la orden antes colegida, e instó al peticionario a presentar un pleito independiente para solicitar custodia y relaciones de padre.

La parte peticionaria solicitó la reconsideración al foro primario, pero fue denegada. El peticionario comparece ante este foro y apunta los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Caguas al dejar sin efecto la orden emitida el día 2 de diciembre de 2024, con relación al referido del caso a la Unidad de Trabajo Social de Relaciones de Familia y Asuntos de Menores.

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Caguas, al dejar sin efecto la orden emitida el día 2 de diciembre de 2024, con relación a las relaciones paternofiliales provisionales.

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Caguas, al declarar No Ha Lugar nuestra "Moción en Solicitud de Reconsideración" presentada por el aquí peticionario, ordenando presentar un pleito separado con relación a la custodia compartida, patria potestad y relaciones paternofiliales.

Conforme adelantado, estamos en posición de resolver el recurso promovido sin ulterior trámite. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *supra.*

### -II-

### -A-

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al

recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *García v. Padró, supra*, pág. 334.

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez, supra.*

No obstante, la citada la Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios *evidenciarios*, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A.	Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.	Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.	Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.	Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.	Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.	Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.	Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## -III-

Del expediente surge que, el Tribunal de Primera Instancia actuó conforme al contenido de la Orden Administrativa Núm. 5, Año 2015-2016, para la Región Judicial de Caguas. La referida orden establece que, en los casos de alimentos de menores se atiende únicamente los asuntos de alimentos de menores. Razón por la cual el foro apelado entendió que, el peticionario debe presentar un caso nuevo de custodia y relaciones paternofiliales.

La Orden Administrativa Núm. 5 dispone, en lo aquí pertinente:

**1. Petición de alimentos para hijos e hijas menores**

1.1. En este caso, solo se atenderá la fijación de la pensión solicitada e incidentes posteriores sobre su incumplimiento, modificación, revisión y relevo.

1.2 En este expediente, no se admitirá la acumulación de ninguna otra reclamación de relaciones de familia u otra materia litigiosa entre las mismas partes, salvo que se genere de la obligación alimenticia vigente entre éstas.

[...]

Esta Orden no aplicará a las reclamaciones de alimentos que surjan dentro de otros procedimientos iniciados con causas de acción distintas, tales como, divorcio o patria potestad, relaciones paternas y materno-filiales, entre otras reclamaciones propias de una Sala de Relaciones de Familia. No obstante, de separarse la petición de alimentos del expediente original, a solicitud de una parte o por decisión judicial, el nuevo expediente se regirá por esta Orden.

Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018*); Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019); Véase, *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

Los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". (Citas omitidas). *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012).

En consecuencia, no consideramos que la *Resolución* recurrida sea contraria a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra.*

Finalmente, no encontramos ninguna situación, al amparo de los restantes criterios de la Regla 40, que justifique la expedición del auto.

### -IV-

Por los fundamentos previamente expuestos, los que hacemos formar parte de este dictamen, se deniega la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones